# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DAVID A. ALLEMANDI,                :
a/k/a Hermione Kelly Ivy Winter,   :
                                   :
      Plaintiff,            :
                                   :
                                   :
      v.                    : Civ. No. 17-1280-LPS
                                   :
HYDE, et al.,                      :
                                   :
      Defendants.           :

---

David A. Allemandi, a/k/a Hermione Kelly Ivy Winter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

February 5, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

I. **INTRODUCTION**

Plaintiff David A. Allemandi, a/k/a Hermione Kelly Ivy Winter ("Plaintiff")[1], an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

On April 9, 2014, Plaintiff pled guilty to second degree rape and continuous sexual abuse of a child. *See Allemandi v. State*, Case No. 549, 2015 (Del.) at BL-36 (appendix containing *State v. Allemandi*, CRA # S13-09-0783 thru 0788, ID No. 1308015125, Apr. 9, 2014 plea agreement, Apr. 9, 2014 change of plea transcript, Apr. 10, 2014 sentencing transcript). Plaintiff, who is a participant in the Transitions Sex Offenders Program, alleges that the program violates her Fifth Amendment right to be free from self-incrimination and her Eighth Amendment right to be free from cruel and unusual punishment.

She alleges that participation in the program is mandatory and requires mandatory disclosure of information regarding past behavior, including past convictions and uncharged offenses. She also alleges that, because the information disclosed does not remain confidential, this encourages rape,

---

[1] Plaintiff advises the Court that soon she will legally become Hermione Kelly Ivy Winter and requests that he be referred to as a woman. (*See* D.I. 10) The Court will use female pronouns to refer to Plaintiff.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

physical abuse, mental abuse, triggers "to reoffend," and "fear for life." (D.I. 2 at 6) Plaintiff alleges that any uncharged offense disclosed involving a minor is reported to Child Protective Services or law enforcement. In addition, other information such as personal or medical information is provided, without consent, to probation, the parole board, and the court.

Plaintiff alleges that when an inmate does not provide information sought by Defendant Hyde ("Hyde"), Director of Transitions, the inmate is punished or kicked out of the program. When this happens, the inmate will do more time, lose all good time, receive a class one write-up, go through a lengthy "unwinnable" disciplinary process, and be sanctioned through a change in housing assignment. Once the inmate has completed the sanction, he is forced back into the program and the process begins anew.

Plaintiff also alleges that Matthew Dutton ("Dutton") returned all her complaints and grievances with no further action, VCC Warden Dana Metzger ("Metzger") did not investigate and failed to act, as sex offender counselor Klein ("Klein") acknowledged, but refused to address the issues, and that all Defendants approved of the program and were aware of Plaintiff's complaints.

Plaintiff seeks injunctive relief in the form of "removal of the program from the state prison due to the environment; on street program in place mandatory upon release." (*Id.* at 8)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

2

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must provide a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### IV. DISCUSSION

#### A. Personal Involvement

Shannon, counselor of Transitions, is named as a defendant. However, there are no allegations directed against Shannon. A defendant in a civil rights action must have personal involvement in the alleged wrongs. *See Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009)

4

The Complaint does not contain any facts regarding actions or inactions by Shannon or allege any direct or personal involvement by Shannon. The claims against Shannon are frivolous and will be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Grievances

Plaintiff names Matthew Dutton as a defendant because he returned Plaintiff's complaints and grievances with no further action. The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of her grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App"x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon her perception that her grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Dutton as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Eighth Amendment

Plaintiff attempts to raise an Eighth Amendment claim when she alleges that, because the information disclosed does not remain confidential, it encourages rape, physical abuse, mental abuse, triggers "to reoffend," and "fear for life." The allegations, however, do not rise to the level of constitutional violations. There are no allegations that Plaintiff's information was disclosed or, if it

5

was, that anyone was encouraged to take the actions complained of by Plaintiff. Plaintiff's speculation as to what might occur fails to state a claim. The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Fifth Amendment

Plaintiff alleges the program violates her Fifth Amendment rights because of its requirement of mandatory disclosure of information regarding past behavior, including past convictions and uncharged offenses. The Supreme Court has held that no Fifth Amendment violation occurs when a prison's imposition of sanctions -- specifically, a reduction in privileges and a transfer to a more secure facility -- is based on a prisoner's refusal to participate in a sex offender treatment program that required an admission of guilt. *See McKune v. Lile*, 536 U.S. 24, 35-39 (2002) (State's sexual abuse treatment program for prisoners served legitimate penological objective of rehabilitation; no inmate was ever charged or prosecuted for any offense based on information disclosed during treatment). The Supreme Court noted, however, that punishments such as "longer incarceration or execution" would surely implicate a prisoner's liberty interest. *Id.* at 52, 53. In *McKune*, there was no Fifth Amendment violation because the inmate's decision did not "affect his eligibility for good-time credits or parole." *Id.* at 38.

In the instant case, Plaintiff appears to allege loss of good time credits as a punishment for refusing to participate in the program or refusing to admit uncharged offenses. As pled, Plaintiff has set forth what appears to be a cognizable and non-frivolous claim to the extent that Plaintiff seeks an injunction to prevent future loss of good time credits. *See e.g., Capers v. Governor of New Jersey*, 525 F. App'x 69 (3d Cir. May 7, 2013). Plaintiff will be allowed to proceed on this claim against Hyde, Metzger, and Klein.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss all claims against Shannon and Dutton and dismiss the Eighth Amendment claim as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (2) allow Plaintiff to proceed on the Fifth Amendment (good time credit) claim against Hyde, Metzger, and Klein.

An appropriate order will be entered.