## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERMIONE KELLY IVY WINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:  17-cv-1280-LPS |
| | ) | |
| HYDE, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

### DEFENDANT WARDEN DANA METZGER'S FIRST SET OF
### INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Civil Rules"), Defendant Warden Dana Metzger ("Defendant Metzger") hereby propounds to Plaintiff, Hermione Kelly Ivy Winter ("Plaintiff" or "Winter") the following interrogatories (the "Interrogatories"), to be answered or responded to in writing and, where required under the applicable rules, under oath, within thirty (30) days of the date of service hereof.

### DEFINITIONS

1.     "Answer" shall mean the answer to the Complaint, as may have been subsequently amended.

2.     "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including both oral and written communications.

3.     "Complaint" shall mean the complaint filed in the above-captioned action.

4.     "Defendants" shall mean Defendant Metzger as well as Defendants Hyde and Klein identified in the Complaint.

5.      "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any writing, recording, photograph, computer data base, data bank, report, memoranda, books summarizing, ledgers or other item containing information of any kind or nature, whether in draft or final form, however produced or reproduced, whatever its origin or location, and regardless of the form in which such information exists or is maintained

6.      "Identify" when used with respect to a person means to provide the following information:

(a)      the name, telephone number, and residential address of the person; and

(b)      the name of the present employer, place of employment, business and job title of the person.

7.      "Identify" when used with respect to an entity means to provide the following information:

(a)      the name, telephone number and address of the entity; and

(b)      the name of the entity's owners, principals, officers, and/or partners.

8.      "Identify" when used with respect to a document means to provide the following information:

(a)      the nature of the document (e.g., letter, contract, memorandum, etc.);

(b)      the date of the document;

(c)      the preparer and/or source of the document and all recipients of the document;

(d)    the substance in detail of the document; and

(e)    each person who now has custody, possession or control of the document.

9.    "Identify" when used with respect to a communication means to provide the following information:

(a)    the date of the communication;

(b)    whether the communication was oral or written;

(c)    any person who sent, received, or had knowledge of the communication;

(d)    the substance in detail of the communication; and

(e)    any document embodying the communication.

10.    "Person" refers to any individual, corporation, partnership, association or other entity.

11.    "Plaintiff," "you," or "your" shall mean plaintiff, Hermione Kelly Ivy Winter.

12.    The phrases "refer", "relate to", "referring to" or "relating to" shall mean directly or indirectly reflecting, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

13.    The terms "and" or "or" shall mean and include both the conjunctive and the disjunctive.

## **INSTRUCTIONS**

1.    Each Discovery Request shall be answered fully and in writing and, where required by the applicable rules, under oath.

2.      If you claim a privilege as to any of the information requested to be identified and/or produced in the Discovery Requests, specify the privilege claimed, the communication or other matter as to which such claim is made, the subject of the communication or other matter and the basis upon which you assert the claim of privilege.

3.      For any answer in which you claim the information sought is unknown or unavailable, please state what efforts were made to obtain the information, who made those efforts, to whom communications were directed, and the results of those efforts.

4.      These Discovery Requests shall be deemed to be continuing so as to require supplemental responses and/or production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **INTERRGATORIES**

1.      With respect to each and every claim in your Complaint:

     a.      Identify all facts that support your contentions;

     b.      Identify all specific behavior or conduct that you allege that each Defendant engaged in;

     c.      Provide the specific date(s) and time(s) of the factual basis of those claims

     d.      Identify all persons with knowledge of such contentions or facts; and

     e.      Identify all documents that reflect, refer or relate to such contentions or facts.

**ANSWER:**

2.      Identify each person you intend to call as a fact witness at any trial or hearing in this matter and state the subject matter on which each such witness is expected to testify.

**ANSWER:**


3.      Identify all individuals that have been interviewed by you in connection with this matter and identify the subject matter of that interview and any documents discussed.  Please state whether any documents or memorandum were prepared relating to that interview.

**ANSWER:**


4.      Identify all individuals retained as experts or that may be called as witnesses under FRE 702, 703 or 705 by Plaintiff and provide the following:

> a.      An exact copy of that expert's opinion or report as well as any drafts and all correspondence between you and the proposed expert;
>
> b.      An exact copy of all materials which the expert reviewed or will rely in forming his/her opinion;
>
> c.      A current and complete listing of the expert's qualifications;
>
> d.      Exact copy of any exhibits to be used by the proposed expert;
>
> e.      All publications authored by the proposed expert within the last ten years;
>
> f.      the amount of compensation to be paid the proposed expert; and

      g.      A listings of all cases in which the proposed expert has testified or offered an opinion in the last four years.

**ANSWER:**

5.      Identify each and all photographs, videotapes, audio tapes or any other form of recording media that relate to this matter, and provide the time, date, location and manner that such were made as well as the names of all individuals that have originals or copies.

**ANSWER:**

6.      State with particularity and specificity in narrative form the incident(s) that is (are) the basis of this suit.  Please include dates, times, exact location, persons present and identify any documents that relate to the incident.

**ANSWER:**

7.      Identify all persons that Plaintiff communicated with regarding the facts or allegations in the present matter.  Please include a description of the mode and manner of such communication and the time and date.

**ANSWER:**

8.      Identify all persons who provided information for all or any part of your answers to these Discovery Requests and, for each person named, identify the request as to which each such person provided information.

**ANSWER:**

9.      Identify all documents or records that relate to this lawsuit in Plaintiff's possession.  Please include the name of the individual, the nature of the information or record, the form in which the information is kept, the date and how you acquired such documents.

**ANSWER:**


10.     State and identify your complete criminal history.

**ANSWER:**


11.     Identify each grievance you claim exhausted your administrative remedies for each claim in your complaint.

**ANSWER:**


12.     State and identify the basis of Plaintiff's allegation in the Complaint that participation in Transitions Sexual Offender program "requires mandatory disclosure of information regarding past behavior, including … uncharged offenses."  To the extent that Plaintiff's allegation is premised upon any written document, provide a copy of the document in its entirety and identify how Plaintiff came into possession of same.

**ANSWER:**


13.     State and identify the basis of Plaintiff's allegation in the Complaint that participation in Transitions Sexual Offender program requirements regarding disclosure is

"used to force this in order to acquire new charges." To the extent that Plaintiff's allegation

is premised upon any written document, provide a copy of the document in its entirety and

identify how Plaintiff came into possession of same.

**ANSWER:**


14.     Identify all persons known to Plaintiff who have had new charges brought

against him/her as a result of participation in the Transitions Sexual Offender program.

State with specificity all facts and information Plaintiff has regarding any individual who

had new charges brought, to include the source of that information.  If the source is an

individual(s), identify that person(s).

**ANSWER:**


15.     State and identify the basis of Plaintiff's allegation in the Complaint that

information disclosed in the Transitions Sexual Offender program "does not remain

confidential." To the extent that Plaintiff's allegation is premised upon any written

document, provide a copy of the document in its entirety and identify how Plaintiff came

into possession of same.

**ANSWER:**


16.     State whether Plaintiff has ever executed a Phase I Objectives for Treatment

Plan – Transitions.  If the answer to this interrogatory is in the affirmative, state:

        a.      When Plaintiff executed the document; and

        b.      The number of times Plaintiff has executed that document.

**ANSWER:**

17.     State the number of Transitions Sexual Offender program sessions Plaintiff has attended, to include the date and name of the counselor overseeing the session.

**ANSWER:**

18.     State whether Plaintiff has ever executed an Authorization for Release of Mental Health Information in Health Record. If the answer to this interrogatory is in the affirmative, state.

       a.     When Plaintiff executed the document; and

       b.     The number of times Plaintiff has executed that document.

**ANSWER:**

19.     State whether Plaintiff has ever been kicked out of the Transition Sexual Offender program.  If the answer is in the affirmative, as to each instance where Plaintiff has been kicked out of the Transitions Sexual Offender program, state:

       a.     The date Plaintiff was kicked out;

       b.     The reason(s) for Plaintiff being kicked out;

       c.     The adverse actions (if any)that actually resulted from Plaintiff being kicked out;

       d.     Whether Plaintiff underwent any disciplinary hearing or process as a result of being kicked out of the Transitions Sexual Offender program;

    e.      The result of any disciplinary process or hearing;

    f.      Whether Plaintiff was required to spend any time in the "hole" as a result of being kicked out of the Transitions Sexual Offender program;

    g.      Whether Plaintiff was required to spend any time in the secure housing unit as a result of being kicked out of the Transitions Sexual Offender program;

    h.      Whether Plaintiff was required to spend any time in a flow down building; and

    i.      To the extent that Plaintiff was required to spend time in a flow down building, the dates plaintiff was in said building.

**ANSWER:**

20.    Identify all "privileges" Plaintiff claims she has lost or been denied as a result of being "kicked out of the [Transitions Sexual Offender] program."

**ANSWER:**

21.    Identify all good time credits Plaintiff alleges she has lost as a result of refusing to participate in the Transitions Sexual Offender program or refusing to admit uncharged offenses.

**ANSWER:**

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ George T. Lees III
George T. Lees III, I.D. #3647
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
George.Lees@state.de.us

Dated: 11/5/2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HERMIONE KELLY IVY WINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.:  17-cv-1280-LPS |
| | ) | |
| HYDE, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**CERTIFICATE OF SERVICE AND MAILING**

I certify that on November 5, 2018 I electronically filed *DEFENDANT WARDEN DANA METZGER'S FIRST SET OF INTERROGATORIES* with the Clerk of Court using CM/ECF.  I caused a hard copy of this Discovery Request to be sent to the following individual via the First Class Mail on the same date:

Hermione Kelly Ivy Winter
*Formerly known as* David Allen Allemandi
SBI# 00662660
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ George T. Lees III
George T. Lees III, I.D. #3647
