IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, <br> a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah, <br> f/k/a David A. Allemandi, <br> <br> Plaintiff, <br> <br> v. <br> <br> HYDE, et al., <br> <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Civ. No. 17-1280-LPS <br> : <br> : <br> : |

**MEMORANDUM**

Plaintiff Hermione Kelly Ivy Winter, a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah, f/k/a David A. Allemandi ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) She has filed a number of motions. (D.I. 25, 26, 34, 36, 37, 39, 44, 49, 51, 63, 73, 74, 76, 79) In addition, a non-party inmate moves to intervene in the action and two non-party inmates move for leave to proceed *in forma pauperis*. (D.I. 56, 65, 67) Finally, Defendant Warden Dana Metzger ("Metzger") moves to compel Plaintiff to answer discovery.[1] (D.I. 71)

I.  **Requests for Counsel**

Plaintiff seeks counsel on the grounds that she is moving to have the matter proceed as a class action, she does not have the ability to present her case, she is unskilled in the law and the case is factually complex but not legally complicated, expert witness testimony will be necessary, she

---

[1] To date, Metzger is the only defendant who has been served.

1

needs assistance with discovery, she cannot attain and afford counsel, and she is severely mentally ill, referring to Civ. No. 17-1322-LPS (consolidated). (D.I. 25, 34, 49, 73) Plaintiff has also filed a motion in all her cases for an extension of time and for a "hasty response" to her requests for counsel. (D.I. 76)

The Court turns first to the motion for an extension of time and for a "hasty response." (D.I. 73) Rather than file a motion directed to this case, the motion is a global motion that contains case numbers for four cases filed by Plaintiff. Each case has different deadlines and different parties. The motion refers to deadlines imposed in other cases. Plaintiff must file a motion specific to this case if she wishes to obtain relief in this case. Therefore, the Court will deny this global motion.

Plaintiff seeks counsel based on her claim she is severely mentally ill. The Court has a responsibility to inquire *sua sponte* under Fed. R. Civ. P. 17(c)(2) whether a *pro se* litigant is incompetent to litigate her action and is, therefore, entitled either to appointment of a guardian ad litem or other measures to protect her rights. *See Powell v. Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012). Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action."

Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity,"

2

but "if there has been a legal adjudication of incompetence and that is brought to the court's attention, the Rule's provision is brought into play." *Id.* (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *See id.* at 303.

In the instant action, while Plaintiff makes allegations of mental illness, she has failed to submit any verifiable evidence of incompetence. Plaintiff refers to a consolidated case she filed in this Court where her request for counsel was granted. In that case, she also made bald allegations of mental illness, but other factors warranted granting her motion. Thus, in accordance with *Powell*, the Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155; *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) -- now § 1915(e)(1) -- does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the

3

degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, while Plaintiff indicates that she wishes this case to proceed as a class action, it has not been certified as such. Finally, to date, Plaintiff has shown the ability to represent herself in this case. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's requests for counsel. (D.I. 25, 34, 49, 73) Should the need for counsel arise later, one can be sought at that time.

## II. CLASS ACTION

Plaintiff moves for class certification on the grounds that the claims are "very severe, complex, and will required in depth investigation, expert witnesses, and a plethora of inmates," and the issues affect all four Delaware prisons and a massive number of inmates. (D.I. 26, 63) A party seeking class certification bears the burden of proving that the proposed class action satisfies the requirements of Federal Rule of Civil Procedure 23. *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183-84 (3d Cir. 2001).

To maintain a class action under Federal Rule of Civil Procedure 23, a plaintiff must first show that "the class is so numerous that joinder of all members is impracticable" (numerosity); that "there are questions of law or fact common to the class" (commonality); that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and that "the representative parties will fairly and adequately protect the interests of the class" (adequacy).

4

*See* Fed. R. Civ. P. 23(a). Second, the plaintiff must show that the class action falls within one of the three types enumerated in Rule 23(b). *See Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 308-09 (3d Cir. 2016). "Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 & n.5 (3d Cir. 2008), as amended (Jan. 16, 2009) (quoting *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). Plaintiff's bare-bones motions fall far short of meeting her burden of proving the proposed class action meets the requirements of Rule 23. Therefore, the motions will be denied without prejudice.

### III. MOTION FOR PRELIMINARY INJUNCTION RELIEF AND TEMPORARY RESTRAINING ORDER

Plaintiff seeks injunctive relief to enjoin Defendants, their agents, servants, employees, and attorneys, and those acting in concert or participation with them, from punishing her in any way, shape, or form. (D.I. 36) She refers to hole time, reclassification to maximum, placement in max, write-ups, and revocation of good time as examples of punishment. Plaintiff argues that she is recognized as female, and is enrolled in the transition program, but Defendants refuse to transfer her to the Baylor Women's Correctional Institution ("BWCI") where the transition program is also offered. Defendants further refuse to provide her with religious clothing, and the transition group at the VCC is causing her trauma. Plaintiff also states that recently she was notified that if she missed "one group" she would spend up to 15 days in the hole, one year in the back, and lose good time, while other inmates are allowed three unexecuted absences in group. (D.I. 36 at ¶¶ 11, 12)

Metzger opposes the motion on the grounds that in a different case (Civ. No. 16-890-LPS) Plaintiff previously sought, and was denied, her request for a transfer to Baylor. In addition, Metzger states that Plaintiff made the same request in State Court, where it was also denied. Metzger also observes that the allegations in the motion do not relate to the claims in the underlying

5

complaint. Metzger provides the declarations of Captain Bruce Burton ("Burton") and Captain Ramon Taylor ("Taylor") that indicate Plaintiff has received treatment, certain housing conditions and transitions, and is treated no differently from similarly-situated inmates. Plaintiff has not, they explain, been treated differently or subjected to punishment because of her gender identification.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). These same elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (temporary restraining order that continues beyond time permissible under Rule 65 must be treated as preliminary injunction, and must conform to standards applicable to preliminary injunctions). Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Upon review of Plaintiff's claims, the Court concludes that she has not demonstrated a likelihood of success on the merits. The Court first notes that the claims raised in the Complaint concern only a Fifth Amendment good time credit issue, and not most of the claims raised in the motion for injunctive relief. Next, the Court takes judicial notice that Plaintiff sought similar relief from the Superior Court of the State of Delaware when she filed a petition for mandamus relief and sought a transfer from the VCC to BWCI. *See Winter v. Delaware Dep't of Justice and the Delaware Dep't of Corr.*, C.A. No. S18M-09-023 ESB. The Superior Court dismissed the petition with prejudice on

December 7, 2018. Moreover, prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. Apr. 26, 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)); *see also Olim v. Wakinekona*, 461 U.S. 238, 251 (1983) (stating inmate has no due process right to be incarcerated in particular institution whether it be inside state of conviction or outside that state). Nor do inmates have a "legitimate statutory or constitutional entitlement" to any particular custodial classification even if a particular classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

In addition, Plaintiff has not produced evidence of irreparable harm. While she contends she is treated differently from other inmates, the declarations of Burton and Taylor indicate that these two witnesses are not aware of Plaintiff being disciplined or punished as a result of her gender identification, and further that decisions regarding her housing assignment were not made in an effort to punish her. (*See* D.I. 41 at Exs. J, M) The record does not demonstrate a likelihood of success on the merits.

Granting the injunctive relief Plaintiff seeks would also be in contravention of the public's interest in the effective and orderly operation of this State's prison system. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Accordingly, Plaintiff's motion will be denied.

## IV. MOTION FOR FREE COPYWORK

Plaintiff indicates that much of her property was destroyed. She moves the Court for one free copy of her Complaint. (D.I. 37) The motion will be granted. Plaintiff will be provided a free copy of her complaint (D.I. 2). She is advised that in the future she will be required to pay any photocopy fees when she requests documents.

## V. MOTION FOR LAW LIBRARY ACCESS

Plaintiff states that she has very limited law library access. (D.I. 39) According to Plaintiff, she is not allowed to e-file or file any DOC rule or policy with the courts. She also asks for letters from the Court regarding her need for access so that she may prepare documents for filing and obtain USM-285 forms. While not clear, it seems that Plaintiff is seeking legal advice from the Court. The Court, however, may not provide Plaintiff legal advice. Metzger responds that when Plaintiff has court-imposed deadlines she receives access to the law library twice a week; once the deadline is met, the law library access reverts to once a week. (*See* D.I. 48-1)

Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *See Howard v. Snyder*, 389 F. Supp. 2d 589, 593 (D. Del. 2005).

Plaintiff is required to have access at least to a prison paralegal or paging system by which she may obtain legal materials. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to institution's main law library must have some means by which documents and materials can be identified by and furnished to them in timely fashion). Plaintiff's letter indicates that she is not being deprived of access to the law library.

Rather, her access is limited. The Court takes note of her complaints but, at this time, Plaintiff's letter does not warrant action by the Court. Therefore, the motion will be denied.

## VI. MOTION FOR DEFAULT JUDGMENT

Plaintiff seeks default judgment. (D.I. 44) Metzger opposes on the grounds that he has answered and otherwise appeared and Hyde and Klein have yet to be served. The Court docket confirms Metzger's position. Thus, default judgment is not appropriate. *See* Fed. R. Civ. P. 55(a) and (b).

## VII. MOTION FOR LEAVE TO AMEND

Plaintiff moves to amend to add as defendants Joshua Gladden ("Gladden"), Christopher Moore ("Moore"), and Steven Berry ("Berry") -- whose affidavits have requested they be added as defendants -- and to add Christopher B. Sands ("Sands") as another plaintiff. (D.I. 51) In addition, Berry has filed a motion to intervene as a defendant, and Gladden and Sands have filed requests to proceed *in forma pauperis*. (*See* D.I. 56, 65, 67) Metzger opposes the motion.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993).

9

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

In addition, Local Rule 15.1 provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

Plaintiff has failed to comply with the Local Rules of this Court that require a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Therefore, the Court will deny the motion for leave to amend without prejudice to renew the motion. (D.I. 51) The Court will also deny the motions for leave to proceed *in forma pauperis* as Gladden and Sands are not parties to this action. Finally, the Court will deny Berry's motion to intervene as a defendant as procedurally improper. (D.I. 56)

## VIII. DISCOVERY MOTIONS

Metzger moves to compel Plaintiff to response to discovery requests served on Plaintiff on November 5, 2018. (*See* D.I. 30, D.I. 31, D.I. 71) Plaintiff moves to compel Metzger to respond to her first request to produce. (*See* D.I. 57, 74) Finally, Plaintiff moves for depositions by oral examination and a pretrial conference. (D.I. 79)

### A. Metzger's Motion To Compel

On November 5, 2018, Metzger served interrogatories and a request for production of documents upon Plaintiff. (*See* D.I. 30, 31) Plaintiff responded to the discovery requests on November 13, 2018, January 3, 2019, and January 7, 2019. (*See* D.I. 32, 33, 35)

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1)

#### 1. Request for Production of Documents

Metzger seeks responses to Request Nos. 1 through 14, none of which were responded to by Plaintiff, on the grounds that all of her paperwork was taken as a "fire hazard" and not returned. (D.I. 35) Plaintiff states that she would have to pay 25 cents per page to copy the documents and she does not possess the funds to pay for the copying charge.

Pursuant to Fed. R. Civ. P. 34(a) Plaintiff shall produce responsive documents in her possession, custody, or control. What this means is that if the documents requested are being stored

by the VCC and Plaintiff has the ability to review the documents to respond to the discovery requests, she must do so. Because Plaintiff may e-file her responses, Plaintiff should not have to pay to photocopy the documents; she will retain the original documents. Therefore, this portion of the motion to compel will be granted to the extent the documents requested exist and they are in the possession, custody, or control of Plaintiff.

### 2. Interrogatories

Metzger moves to compel Plaintiff to answer Interrogatories 1 through 21. The Court finds that although Plaintiff objected to many interrogatories, she has adequately answered Interrogatories Nos. 10, 11, 12, 13, 15, 16, 17, and 18. The Court overrules Plaintiff's objections to Interrogatories 1.a., 1.b., 5, and 6. Plaintiff shall answer these interrogatories. In addition, Plaintiff shall supplement her response to Interrogatory 1.c.

Plaintiff has objected to Interrogatories 1.d. and e., 2, 3, 4, 7, 8, 9, 14, 19, 20, and 21 on the grounds that she would "be self-incriminating myself and/or violated DOC Rules or policies providing this information that defendants already have access to." Responses to interrogatories propounded in a civil action may come within the privilege against self-incrimination. *See S.E.C. v. Leach*, 156 F. Supp. 2d 491, 494 (E.D. Pa. 2001) (citing, inter alia, *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987) (holding that privilege "protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions")); *see also Burt Hill v. Hassan, Inc.*, 2009 WL 473023, at *3 (W.D. Pa. Dec. 4, 2009) ("Responses to interrogatories clearly may fall within the privilege against self-incrimination."). "[A] witness cannot relieve himself of the duty to answer questions . . . put to him by a mere blanket invocation of the privilege." *National Life Ins. Co. v.*

12

*Hartford Accident & Indem. Co.*, 615 F.2d 595, 598 (3d Cir. 1980). Instead, the witness claiming the privilege "must place before the court enough information to 'effectively determine whether a responsive answer to [the] question or an explanation of why it cannot be answered might be incriminating.'" *Burt Hill*, 2009 WL 4730231 at *4 (quoting *National Life Ins. Co.*, 615 F.2d at 598).

Although Plaintiff has offered some explanation for invoking the privilege as a basis for not answering Interrogatory Nos. 1.d. and e., 2, 3, 4, 7, 8, 9, 14, 19, 20, and 21, she has not provided a sufficient and particularized justification that would permit the Court to find that the privilege allowed Plaintiff to withhold answers to any of these interrogatories. Before any Fifth Amendment privilege may attach, Plaintiff must clarify the basis for asserting the privilege, and do so with specificity. Therefore, the Court will direct Plaintiff either to answer the interrogatories in question, or if she believes she is entitled to refuse to answer on the basis of privilege, explain with particularity to Metzger and the Court the basis for her assertion.

### B. Plaintiff's Motion To Compel

Plaintiff served her first request to produce documents on March 11, 2019 (*see* D.I. 57) and amended it on March 12, 2019 (*see* D.I. 59). Metzger timely responded to the requests on April 9, 2019. (*See* D.I. 80) Therefore, Plaintiff's motion to compel will be denied.

### C. Request for Depositions

Plaintiff moves for an order to conduct oral depositions. (D.I. 79) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Plaintiff also asks for a pretrial conference in an effort to move the case forward.

It is Plaintiff's responsibility to pay for the costs associated with the taking of depositions. The Court has no authority to finance or pay for a party's discovery expenses. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require government to advance funds for

13

deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for repayment of discovery costs for pro se *in forma pauperis* plaintiff); *Ronson v. Commissioner of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wisc. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition.").

Plaintiff cannot depose parties or non-parties without paying for the costs associated with conducting depositions; for example, paying court reporter fees. In addition, Plaintiff cannot depose a non-party without issuing a subpoena to compel his or her attendance, *see* Fed. R. Civ. P. 45, and an inmate proceeding *in forma pauperis* in a civil action may not issue subpoenas without paying the required fees, *see Pedraza v. Jones*, 71 F.3d 194, 196 n.4 (5th Cir. 1995); *Fernandez v. Kash N' Karry Food Stores, Inc.*, 136 F.R.D. 495, 496 (M.D. Fla. 1991) (witness and mileage fees required to be paid by indigent plaintiff).

There has been no showing that Plaintiff has the ability to pay the fees associated with conducting depositions. Therefore, the Court will deny the motion without prejudice to renew upon a showing by Plaintiff of her financial ability to pay for the costs associated with conducting depositions. The request for a pretrial conference is premature (for reasons including that Defendants Hyde and Klein have yet to be served).

## IX. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's requests for counsel without prejudice to renew (D.I. 25, 34, 49, 73); (2) deny the motions to proceed as a class action (D.I. 26, 63); (3) deny the motion for injunctive relief (D.I. 36); (4) grant the motion for copy work (D.I. 37);

(5) deny Plaintiff's motion for law library access (D.I. 39); (6) deny Plaintiff's motion for default judgment (D.I. 44); (7) deny Plaintiff's motion for leave to amend (D.I. 51); (8) deny Steven Berry's motion to intervene (D.I. 56); (9) deny non-parties' motions for leave to proceed *in forma pauperis* (D.I. 65, 67); (10) grant in part and deny in part Defendant Dana Metzger's motion to compel (D.I. 71); (11) deny Plaintiff's motion to compel (D.I. 74); (12) deny the motion for an extension of time and for a "hasty response" to requests for counsel (D.I. 76); and (13) deny Plaintiff's motion for depositions by oral examination and pretrial conference (D.I. 79).

Wilmington, Delaware
May 8, 2019

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE