IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HERMIONE KELLY IVY WINTER,                      :
a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah, :
f/k/a David A. Allemandi,                        :
                                                 :
              Plaintiff,                         :
                                                 :
                                                 :
       v.                                        : Civ. No. 17-1280-LPS
                                                 :
HEIDI HOLLOWAY, et al.,                          :
                                                 :
              Defendants.                        :

**MEMORANDUM**

Plaintiff Hermione Kelly Ivy Winter, a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah,

f/k/a David A. Allemandi ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center

("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 2)  She appears

*pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 7)  To date, Defendants Dana

Metzger ("Metzger") and Heidi Holloway ("Holloway") (together "Defendants") have been served.

Metzger has answered the Complaint; Holloway has not.  A scheduling and discovery order has not

been entered.  Plaintiff has filed a number of motions.  (D.I. 81, 82, 89, 99, 116, 125, 126, 127, 137)

I.     **GLOBAL MOTIONS**

The Court turns first to Plaintiff's "global motions."  (D.I. 81, 82)  Rather than file a motion

directed to this case, the motion is a global motion that contains case numbers for numerous cases

filed by Plaintiff.  There are different deadlines in each case and different parties in each case.

---

[1] Plaintiff identifies as a female.

1

When seeking relief, Plaintiff is directed to file a motion specific to a particular case. The Court

does not consider the global motions and, therefore, they will be denied.

## II.     MOTION TO CONSOLIDATE CASES

Plaintiff moves to consolidate this case with *Winter v. Christo*, Civ. No. 19-300-LPS. (D.I. 99)

Plaintiff voluntarily dismissed Civ. No. 19-300-LPS in June 2019. (D.I. 32, 33) Therefore, the

motion to consolidate will be denied as moot.

## III.     MOTION FOR PRELIMINARY INJUNCTION RELIEF AND TEMPORARY RESTRAINING ORDER

Plaintiff's criminal sentencing order requires that she successfully complete the Transitions

Sex Offender Program. (D.K. 135-1 at 3) Plaintiff seeks as injunctive relief one of the following:

(1) Holloway to remove her from Transitions and modify her sentence to complete the program as

part of a condition of home confinement or probation; (2) temporarily remove Plaintiff from the

Transitions program until settlement of this suit; (3) remove Plaintiff from the Transitions program

pending completion of vaginoplasty surgery and transfer to Baylor Women's Correctional Institution

("BWCI"); (4) remove Plaintiff from the Transitions program until the last two years of suspended

time of her sentence, should an early release fall through; or (5) order Holloway to stop all

disciplinary action or instruct others to complete disciplinary actions and preclude Holloway from

forcing Plaintiff to make statements she does not with to make. (D.I. 125 at 4-5) Defendants

oppose the motion on the grounds that this is merely another attempt to procure a transfer to

BWCI and argue that Plaintiff has not met the requisites for injunctive relief. (D.I. 134, 135)

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the

plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff;

(3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the

injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d

Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See*

*NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*")

(temporary restraining order that continues beyond time permissible under Rule 65 must be treated

as preliminary injunction, and must conform to standards applicable to preliminary injunctions).

"[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction

inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of

prison administration, a request for injunctive relief in the prison context must be viewed with

considerable caution. *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31,

2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

For the reasons set forth in its prior Order denying Plaintiff's motion for injunctive relief

and following a review of Plaintiff's claims, the Court concludes that she has not demonstrated a

likelihood of success on the merits. (*See* D.I. 104, 105) In addition, Plaintiff has not produced

evidence of irreparable harm.

Plaintiff focuses on write-ups and the potential loss of an honor visit in the event she is

subjected to discipline for having three unexcused absences from the Transitions program.

However, the record evidence does not indicate that she had lost her honor visit. In addition, it

does not demonstrate that she is treated differently from other inmates; the declarations in the

record indicate that Plaintiff was not being disciplined or punished as a result of her gender

identification and decisions regarding her housing assignment were not made in an effort to punish

her. (*See* D.I. 41 at Exs. J, M) "The relevant inquiry is whether the movant is in danger of suffering

irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v.*

*Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Plaintiff has not made that showing.

Plaintiff asks this Court to inject itself into administration of a state prison as well as to amend Plaintiff's sentencing order. Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *See Bell v. Wolfish*, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination where to house Plaintiff or how to administer the Transitions program. Finally, this suit is not a proper vehicle for seeking to modify Plaintiff's sentencing order.

Granting the injunctive relief Plaintiff seeks, under the circumstances revealed by the record, would contravene the public's interest in the effective and orderly operation of the State's prison system. *See Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

The Court will deny Plaintiff's motion for injunctive relief. (D.I. 125) Plaintiff is placed on notice that future motions for injunctive relief raising the same or similar issues and seeking the same or similar relief will be docketed and not considered.

## IV. DISCOVERY MOTIONS

Plaintiff moves to compel Metzger to produce documents in response to her first request to produce documents (*see* D.I. 57) and amended request (*see* D.I. 59). (D.I. 89) Metzger timely responded to the requests on April 9, 2019, and objected to several requests. (*See* D.I. 80) Plaintiff

seeks to compel responses to the requests to which Metzger objected. In addition, Plaintiff moves to compel responses to her second request for production of documents, all of which were objected to by Metzger. (D.I. 103, 113, 116)

The Court has reviewed Metzger's objections. They are appropriate given the overbreadth of the requests. All objections are sustained. The Court will deny Plaintiff's motions to compel. (D.I. 89, 116)

Plaintiff asks the Court to stay this matter, enter a scheduling and discovery order, and grant her an extension of time to respond to Metzger's requests for admissions. (D.I. 126) The Court will deny the motion to stay this matter. In addition, it is premature to enter a scheduling and discovery order given that one defendant (Holloway) has not yet answered the complaint and another defendant (Klein) has yet to be served. The Court will grant Plaintiff an extension of time to respond to Metzger's requests for admissions. Plaintiff also asks the Court to order her to receive additional time in the prison law library. Her request is denied for the reasons previously provided in the Court's May 8, 2019 Memorandum and Order. (D.I. 104, 105)

Finally, the parties have inundated the Court with discovery issues in this matter even though a scheduling and discovery order has yet to be entered. Based upon representations by Metzger, at issue is whether Plaintiff exhausted her administrative remedies as required by the Prison Litigation Reform Act. The issue could be case dispositive. Therefore, in addition to Plaintiff's obligation to respond to Metzger's requests for admissions as discussed above, the only discovery that may be conducted by the parties is discovery related to the issue of whether Plaintiff has exhausted her administrative remedies.

## V.    MOTION TO VOLUNTARILY DISMISS DR. GARDNER

Plaintiff moves to withdraw or voluntarily dismiss Dr. Gardner as a defendant in this case. (D.I. 127) Dr. Gardner is not a named defendant. Therefore, the motion will be denied as moot.

## VI.    REQUEST

Plaintiff requests counsel on the grounds that she needs representation at this stage of the litigation. (D.I. 137) She asks that counsel be assigned as soon as possible. The Court will deny the request without prejudice to renew for the reasons set forth in its May 8, 2019 Memorandum and Order. (*See* D.I. 104, 105)

## VII.    CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice Plaintiff's motion to subpoena authenticity of documents and motion for relief (D.I. 81, 82); (2) deny Plaintiff's motions to compel (D.I. 89, 116); (3) deny as moot Plaintiff's motion to consolidate cases (D.I. 99); (4) deny Plaintiff's motion for injunctive relief (D.I. 125); (5) deny Plaintiff's motion for stay and a scheduling order (D.I. 126); (6) grant Plaintiff's motion for an extension of time to respond to Defendant Dana Metzger's requests for admissions (D.I. 126); (7) deny Plaintiff's request for an order for additional law library time (D.I. 126); (8) deny as moot Plaintiff's motion to withdraw Dr. Gardner as a defendant (D.I. 127); and (9) deny Plaintiff's request for counsel without prejudice to renew (D.I. 137).

An appropriate order will be entered.

July 30, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE