IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER,<br>a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah,<br>f/k/a David A. Allemandi,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HEIDI HOLLOWAY, et al.,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civ. No. 17-1280-LPS<br>:<br>:<br>:<br>: |

**MEMORANDUM ORDER**

At Wilmington this 4th day of **October, 2019,**

IT IS ORDERED that: **(1)** Klein is **dismissed** as a defendant; **(2)** Plaintiff's motion for extraordinary circumstances extension and motion for preliminary injunction to allow continued work on the case and stop ongoing cruel and unusual punishment and motion for new copy of request for admission and motion for reconsideration of TRO against Heidi Holloway (D.I. 98) is **granted** to the extent that Defendants shall provide a copy of their requests for admissions on or before **November 4, 2019,** and **denied** in all other respects, all for the following reasons:

1. **Introduction.** Plaintiff filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4)

2. **Defendant Klein.** To date, Defendant Klein ("Klein") has not been served. On July 30, 2019, the Court entered an order for Plaintiff to properly identify Klein so that this defendant could be served. (D.I. 139) Plaintiff was given until on or before August 26, 2019 to do so. She did not comply or respond to the Order in any fashion. Therefore, Klein will be dismissed as a defendant.

1

3. **Combined Motion.** Plaintiff's motion filed on August 26, 2019 is a combined motion that seeks relief in a number of areas. (D.I. 141) Each are addressed in turn.

4. **Stay.** Plaintiff seeks a lengthy extension or stay of proceedings until "the cruelty" is fixed. The Court declines both requests and will deny this portion of the motion.

5. **Request for Admissions.** Plaintiff asks that Defendants be ordered to provide her with another copy of the requests for admissions served upon her. The request will be granted.

6. **Motion for Reconsideration.** Plaintiff moves for reconsideration of the July 30, 2019 Memorandum Opinion and Order, only as to Defendant Heidi Holloway ("Holloway"), that denied Plaintiff's motion for injunctive relief. (*See* D.I. 138, 139) Plaintiff argues that she has shown irreparable harm and, therefore, injunctive relief is appropriate.

7. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

8. Plaintiff reargues her request for injunctive relief. Plaintiff's motions fail on the merits because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its two orders to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. With regard to the denial of Plaintiff's motion for injunctive relief and given the gravity of the claims, the Court very carefully considered the evidence of record. Once again it has considered the filings of the parties and the evidence of record. However, Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration. Therefore, the motion for reconsideration will be denied.

9.     **Injunctive Relief.** Plaintiff seeks an order: (1) precluding Defendants from transferring her from her current housing assignment to any other tier or building where she fears for her life; (2) preventing Defendants from placing her on what she calls "false PCO" (*i.e.*, psychiatric close observation); and (3) removing her current cellmate. In essence, Plaintiff seeks injunctive relief even before the merits of her case are resolved.

10.    A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *See Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

11.    The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's selection of Plaintiff's cellmate and where to house her or interfere with medical personnel's determination when to place Plaintiff on PCO status. Moreover, it is Plaintiff's burden to prove she is entitled to injunctive relief, and the Court finds that Plaintiff has failed to meet the prongs necessary for injunctive relief.

3

12.     **Conclusion.** The court will: (1) dismiss Klein as a defendant; and (2) grant in part and deny in part Plaintiff's combined motion (D.I. 141).

                                             _____
                                             HONORABLE LEONARD P. STARK
                                             UNITED STATES DISTRICT JUDGE