IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HERMIONE KELLY IVY WINTER, | : | |
| a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah, | : | |
| f/k/a David A. Allemandi, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 17-1280-LPS |
| | : | |
| HEIDI HOLLOWAY, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington, this ___ day of November, 2019, having considered Plaintiff's request for counsel and, in the alternative, to voluntarily dismiss (D.I. 146);

IT IS ORDERED that the request for counsel (D.I. 146) is DENIED; the alternative motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41 is GRANTED; the case is DISMISSED without prejudice; and the Clerk of Court is directed to CLOSE the case, for the following reasons:

Plaintiff Hermione Kelly Ivy Winter, a/k/a Najmaa-bint-Sakinah S. bint-Sard-Khadijah, f/k/a David A. Allemandi ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) She seeks counsel on the grounds that "some of her law work was ripped up" and tossed in the garbage, some was taken and not everything was returned, she is being targeted and her life is being made miserable because of

---

[1] Plaintiff identifies as a female.

1

her lawsuits, and she is unable to litigate under these conditions. (D.I. 146) Plaintiff asks to withdraw her case if the Court declines to grant her request for counsel. The motion is opposed. (D.I. 147; D.I. 148) Defendants provide documentation to show that Plaintiff has not been prevented from prosecuting her case and that she has not been subject to retaliatory conduct. (D.I. 147)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155; *see also See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

The Court notes that requests for admissions were served upon Plaintiff on October 8, 2019. (D.I. 145) There is no indication that Plaintiff responded to the requests and therefore, they are deemed admitted. Those admissions indicate that Plaintiff did not exhaust her administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), making dismissal appropriate as a matter of law. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Given Plaintiff's failure to exhaust her administration, the Court concludes that Plaintiff's claims do not have arguable merit. In addition, several of the *Tabron* factors militate against granting her request for counsel, including her ability to ably represent herself and file pleadings. In light of the foregoing, the Court will deny without prejudice Plaintiff's request for counsel. In addition, the Court considers Plaintiff's request to withdraw the case as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41, and will grant the motion. Should Plaintiff believe she was subjected to retaliation in violation of her First Amendment rights she has available to her the option of commencing a new action.

                                                        _____
                                                        HONORABLE LEONARD P. STARK
                                                        UNITED STATES DISTRICT JUDGE